**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ELIZABETH TORRES-LABOY,

Plaintiff,

v. Case No. 5:23-cv-733-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

**O R D E R**

This cause is before the Court on the Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 27; "Motion"), filed June 5, 2026. Plaintiff's counsel seeks a net award of $11,578.91 pursuant to 42 U.S.C. § 406(b). Id. at 1-3. The Social Security Administration withheld a total of $14,170.00, amounting to 25% of Plaintiff's past-due benefits, to pay attorneys' fees. See Notice of Award (Doc. No. 27-1), at 2. Plaintiff's counsel, recognizing he must refund to Plaintiff previously-paid EAJA fees totaling $2,591.09,[1] asks that the Court award a net 406(b) fee of $11,578.91 ($14,170.00 less $2,591.09), Motion at 2. This essentially takes the onus off Plaintiff's counsel to physically

[1] The Court previously awarded Plaintiff $6,968.35 as EAJA fees, allowing the Commissioner to exercise the discretion to honor Plaintiff's assignment of fees to her counsel if the U.S. Department of Treasury determined that Plaintiff did not owe a debt to the U.S. Government. Order (Doc. No. 23), entered May 29, 2025. Upon review, it was determined that Plaintiff in fact owed a debt to the U.S. Government, so counsel only received $2,591.09 of the EAJA award. See Motion at 2.

refund the EAJA fee to Plaintiff and allows the Administration to do so instead. Defendant takes no position on the Motion. See Motion at 3.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id.

at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA

fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits due to her. See Attorney Employment Contract (Doc. No. 27-2). Counsel represented Plaintiff in this Court, and the representation resulted in the Court reversing the decision of the Commissioner and remanding the case for further administrative proceedings. Ultimately, Plaintiff obtained an award of more than six years of past-due benefits (approximately $43,906.00). See Notice of Award (Doc. No. 27-1). Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the total amount due under Section 406(b) ($14,170.00) is reasonable and due to be awarded. However, in accordance with counsel's request, the Court will subtract the previously-paid EAJA fee of $2,591.09 for a net award to counsel of $11,578.91.

For the foregoing reasons, it is

**ORDERED**:

1. The Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 27) is **GRANTED**.

2. Plaintiff's counsel, Bradly K. Boyd, is awarded $14,170.00 pursuant to 42 U.S.C. § 406(b). However, the Court subtracts from this award the previously-paid EAJA fees in the amount of $2,591.09, for a net award of $11,578.91 to be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Mr. Boyd the sum of $11,578.91 from the past-due benefits withheld. Any remainder of withheld benefits for Plaintiff shall be paid directly to Plaintiff in accordance with agency policy.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 11, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record